

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BENJAMIN LUKEN,<br><br>                    Petitioner,<br><br>vs.<br><br>C.A. TERHUNE, Warden,<br><br>                    Respondent. | Civil No.   06-1698 W (LSP)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On August 21, 2006, Petitioner, a state prisoner proceeding pro se, paid the $5.00 filing fee and submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner lists various problems he claims he is facing in prison. Specifically, Petitioner claims that the staff at California Substance Abuse Treatment Facility and State Prison at Corcoran, California are preventing him from mailing motions to the Ninth Circuit Court of Appeals and denying him meaningful access to the courts. (*See* Pet. at 6.) Petitioner's claim is not cognizable on habeas because it does not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v.*

1  *Humphrey*, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on
2  state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974).
3        In no way does Petitioner claim his state court conviction violates the Constitution or laws
4  or treaties of the United States. Challenges to the fact or duration of confinement are brought
5  by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions
6  of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411
7  U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical
8  imprisonment, and the relief he seeks is a determination that he is entitled to immediate release
9  or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.
10 *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is
11 making a constitutional challenge to the conditions of his prison life, but not to the fact or length
12 of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12
13 (10th Cir. 1997).
14       Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a
15 habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to
16 it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254.
17 Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief
18 because he has not alleged that the state court violated his federal rights. It appears that
19 Petitioner challenges the conditions of his prison life, but not the fact or length of his custody.
20 Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

21                 **FAILURE TO NAME A PROPER RESPONDENT**
22       If, however, Petitioner does seek to challenge the validity of his state court conviction,
23 he is advised that he has failed to name a proper respondent. On federal habeas, a state prisoner
24 must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*,
25 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack
26 personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*
27       The warden is the typical respondent. However, "the rules following section 2254 do not
28 specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the

institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "C.A. Terhune," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this case without prejudice and with leave to amend. If Petitioner wishes to challenge the conditions of his confinement, he must file a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Northern District of California where he is incarcerated. If he wishes to challenge his state court conviction, he must, **no later than**

/ / /
/ / /
/ / /
/ / /
/ / /

1 | **November 6, 2006**, file a First Amended Petition which cures the pleading deficiencies outlined
2 | in this Order.[1]
3 | **IT IS SO ORDERED.**
4 |
5 | DATED:    9/5/06
6 |                                                              Thomas J. Whelan
                                                                 United States District Judge
7 |
8 | CC:   ALL PARTIES

---

[1] For Petitioner's convenience, a blank First Amended Petition form are included with this Order.